UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

| | |
|---|---|
| David M. Kollar, | : **CIVIL ACTION** |
| PLAINTIFF, | : |
| vs. | : **NO.** |
| The Prudential Insurance Company of America, | : |
| DEFENDANT. | : **COMPLAINT** |

Plaintiff, David Kollar, by his attorneys, Bross & Frankel, P.A., respectfully alleges that:

### Jurisdiction and Venue

1. This is a civil action under 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3)(B) for failure to provide adequate administrative review and failure to grant benefits for a claim for long-term disability (hereinafter "LTD") benefits, based on a finding that the Plaintiff is not disabled.

2. At all times relevant hereto, Defendant, The Prudential Insurance Company of America (hereinafter "Prudential"), was the administrator of a certain Long-Term Disability Plan (hereinafter "the Plan"), governed by the Employee Retirement Income and Security Act (hereinafter "ERISA"), 29 U.S.C. §§ 1101 et seq.

3. At all times relevant hereto, the aforementioned Plan was administered by Defendant, by virtue of a Long-Term Disability policy issued to Plaintiff's former employer, Comhar, Inc., as Claim Number 11965672.

4. The jurisdiction of this Court is invoked, pursuant to Section 1132(a)(1)(B) of ERISA, which allows an ERISA plan participant to bring a civil action to recover benefits due him under the terms of the Plan and Section 1132(a)(3)(B), which allows an ERISA plan participant to bring a civil action to seek equitable relief against any practice which violates a provision of the terms of the Plan.

## Statement of Facts

5. Plaintiff, David Kollar, is an individual and resides at 231 West Broad Street, Burlington, NJ 08016.

6. Defendant, The Prudential Insurance Company of America regularly does business in the State of New Jersey, and has corporate offices located at 751 Broad Street, 4th Floor, Newark, NJ 07102.

7. At all times relevant hereto, Plaintiff was employed by Comhar, Inc., and, as such, qualified as a participant in the aforementioned Plan.

8. On or about March 19, 2014, Plaintiff became disabled and unable to work as a result of multiple medical impairments, including but not limited to hydronephrosis, attention deficit disorder (ADHD), bipolar disorder, hypercalcemia, gout, and peripheral neuropathy.

9. Thereafter, on May, 2014, Plaintiff applied for disability benefits as a participant in the aforesaid Plan administered by Defendant, Prudential.

10. Thereafter, Defendant approved the Plaintiff's application for long-term disability benefits, by letter, dated July 29, 2014.

11. Thereafter, Defendant terminated the Plaintiff's long-term disability benefits, by letter, dated December 4, 2014.

12. Thereafter, the Plaintiff appealed the termination.

13. Thereafter, the Defendant upheld its termination, by letter, dated June 15, 2015.

14. Thereafter, the Plaintiff appealed the termination.

15. Thereafter, the Defendant again upheld its termination, by letter, dated February 12, 2016.

16. Defendant is in breach of its contractual obligations to provide long-term disability benefits to which Plaintiff is entitled under the Plan, insofar as the Plaintiff has remained totally disabled and unable to work since March 19, 2014, due to his medical conditions as confirmed by his complaints, substantial objective medical evidence and the credible opinions of his physicians.

17. Plaintiff is owed disability benefits from Defendant, since December 2, 2014 under the terms of the Plan.

18. Plaintiff is entitled to an Order from this Court, compelling Defendant to pay him disability benefits as provided in the Plan and according to 29 U.S.C. §1132(a)(1)(B).

**WHEREFORE**, Plaintiff, David Kollar, demands the following relief:

A. That the court enter judgment in Plaintiff's favor and against the Defendant, and that the court order the Defendant to pay disability benefits to Plaintiff in an amount equal to the contractual amount of benefits to which he is entitled;

B. That the court order the Defendant to pay Plaintiff pre-judgment interest on all benefits that have accrued prior to the date of judgment;

C. That the court order Defendant to continue paying benefits to Plaintiff until such time as he meets the policy conditions for discontinuance of benefits;

D. That the court award Plaintiff his attorney's fees pursuant to 29 U.S.C. Section 1132(g); and,

E. That Plaintiff recover any and all other relief to which he may be entitled, as well as the costs of suit.

DATED:  10/20/16                              BROSS & FRANKEL, P.A.

                                              By: s/Richard L. Frankel, Esquire
                                                  RICHARD L. FRANKEL, ESQUIRE
                                                  ATTORNEYS FOR PLAINTIFF,
                                                  DAVID KOLLAR
                                                  102 Browning Lane, Building C-1
                                                  Cherry Hill, New Jersey  08003
                                                  rich@ltdbenefitslaw.com